UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRAVIS E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:11-CV-237 |
| | ) |
| ALLEN COUNTY SHERIFF | ) |
| KEN FRIES, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the motion for partial summary judgment filed by defendants (docket at 25). Plaintiff filed a response in opposition to the motion (docket at 31) and defendants filed a reply (docket at 33). Also before the Court is defendants' motion to strike (docket at 34). Plaintiff filed a response in opposition to that motion (docket at 36) and defendants filed a reply (docket 37). For the reasons discussed below, the motion for partial summary judgment is GRANTED as to plaintiff's federal claims of excessive force and state law claims of battery against defendants Pullen, Garrison and Fries; and DENIED as to plaintiff's federal claims against Pullen and Garrison for bystander liability under 42 U.S.C. § 1983. The Motion to Strike Plaintiff's Affidavit and "Narrative Statements" is GRANTED as to plaintiff's narrative statements and DENIED as to plaintiff's affidavit. Any claims asserted against defendant Aaron Quick are unaffected by this ruling as he did not join in the motion for partial summary judgment.[1]

---

[1] Defendants state in a brief that the "are cognizant of the fact that genuine issues of material fact may exist regarding the claim for excessive force against Officer Quick. Therefore, Defendants do not move for Summary Judgment on the Plaintiff's claim against Officer Quick." Defendants' Memorandum in Support of Motion for Partial Summary Judgment, docket at 26, p.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c)(2).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).  The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson,* 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248.  In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255.  However, neither the "mere existence of some alleged factual dispute between the parties," *id.,* 477 U.S. at 247, nor the existence of "some metaphysical doubt

---

2. Similarly, plaintiff's state law claim for battery against Quick also remains pending, as does his claim against Sheriff Fries under the theory of *respondeat superior*.

as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000). If it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex,* 477 U.S. at 322; *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

## DISCUSSION

Plaintiff Travis E. Smith ("Smith") filed this case against the Allen County Sheriff, Ken Fries, and Allen County Jail Officers Aaron Quick, Brandon Garrison, and Michael Pullen. In his complaint Smith contends that while he was a pretrial detainee at the Allen County Jail on June 23, 2010, defendants Quick, Garrison and Pullen used excessive force against him, causing him personal injury (including a cut above one eye and bruising to his ribs). Complaint, p. 3. He also alleges that Officers Garrison and Pullen could have, but failed to, intervene to stop what he terms a "beating." *Id*. Smith sued all three officers in their individual capacities. He sued Sheriff Fries in his representative capacity claiming that the Sheriff is liable for the state law battery claims asserted against the three officers under the theory of *respondeat superior*. He brought this case pursuant to 42 U.S.C. § 1983.

According to Smith's version of events, he was being held at the jail on the date in question when he was "placed into a cell in deadlock." *Id*., p. 2.[2] Smith claims he "repeatedly

---

[2] "Deadlock" is apparently a cell block area where inmates are placed if there is a problem with them. In this instance, defendants maintain that Smith was being placed in deadlock for allegedly assaulting another inmate. Memorandum in Support of Motion for Summary Judgment, docket at 26, p. 3.

asked to speak to a sergeant or corporal regarding the purported reason for his placement in deadlock." *Id*. Smith admits that once he was placed into the cell he "began to beat on the door in an attempt to get a sergeant to come talk with him." *Id*. Smith claims that Quick, Pullen and Garrison then came into his cell and Quick told him "if you kick this door one more time, your ass is mine, and then you are going to the chair!" *Id*.[3] Smith insisted that he wanted to talk to a sergeant and would not quit kicking the door. At this point, according to Smith, the following events took place:

> Plaintiff's roommate was then ordered out of the cell, and once out, Defendants Quick and Pullen entered the cell. Quick grabbed Plaintiff by the back of the head, stated, "You ain't nothing but a little punk-bitch and now I'm going to teach you a lesson." Quick palmed the back of Plaintiff's head and smashed his face into the metal bars. He then grabbed the Plaintiff under his arm and body slammed him to the ground/floor. Once on the floor, Quick placed a knee in the Plaintiff's side/kidney area. Plaintiff was also kicked about his thighs and calves. Plaintiff was eventually taken to the jail nurse for attention to his injuries.[4]

*Id*., p. 3. This incident is the basis for Smith's state law claims of battery and federal claims excessive force.

According to the defendants, Smith was not only kicking the cell door when he was placed in deadlock, but was resisting the officers when they went into the cell to try to subdue him. Defendants maintain that any use of force was reasonable and necessary under the circumstances.

---

[3] "The chair" refers to a restraint chair in which unruly inmates are placed. Defendants' Memorandum, p. 3.

[4] Defendants admit that Smith was transported to St. Joe Hospital, where he received three stitches to close a cut above his right eye. Defendants' Memorandum, p. 4.

**1. Excessive force and battery claims against Pullen and Garrison.**[5]

In his response brief, Smith "concedes that Garrison and Pullen did not commit battery and they did not use excessive force." Plaintiff's Answer Brief in Opposition to Defendants' Motion for Partial Summary Judgment, docket at 32, p. 2. Smith testified in a deposition that Pullen entered the cell but did not use force against him, and that Garrison was standing just outside the cell when the incident took place. Therefore, defendants' motion for partial summary judgment is GRANTED as to Smith's claims against Pullen and Garrison for battery and excessive force.

Smith still insists, however, that Garrison and Pullen "are liable under theories of bystander liability and for negligence in allowing Officer Quick to permit [sic] battery (after knowing he was about to do it from his direct comments that he was going to teach Plaintiff a lesson)." *Id*., p. 2. Smith contends that he "has put forth facts that demonstrate that Quick threatened Plaintiff *before* Quick went into the cell to use force against the Plaintiff. The threat occurred in front of Garrison and Pullen who nevertheless permitted Quick to enter the cell knowing that he was going to beat the Plaintiff." *Id*., p. 3 (italics in original).

Defendants argue that Pullen and Garrison are not liable for failing to stop the alleged battery by Quick because they had no time to react to stop the incident. Defendants argue that Smith's own deposition testimony supports their position. In his deposition, Smith testified as follows: "I mean, it happened very fast, you know? The whole incident happened, you know, faster than I would, you know, it was just a matter of, you know, hitting the wall, hitting the ground, and then being beat up real fast, and then cuffed and drug out of the cell." Motion for

---

[5] Officer Quick did not join in the motion for partial summary judgment.

Partial Summary Judgment, Exh. D, Deposition of Travis Smith, docket at 25-4, p. 15. Defendants seize on that small portion of Smith's deposition testimony and argue that Pullen and Garrison are entitled to summary judgment on Smith's claims against them because they "did not have any realistic opportunity to prevent Quick from engaging in any use of force." Defendants' Memorandum, p. 10.  Defendants correctly point out that in order for Pullen and Garrison to be found liable to Smith under a bystander theory, Smith must "show that they (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Id*. (citing *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) *cert. denied*, *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001) and *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005)).  This is the crux of defendants' argument in their motion for partial summary judgment.  According to defendants, Smith's testimony that the entire incident "happened very fast" establishes that neither Pullen nor Garrison had a reasonable opportunity to intervene and, therefore, cannot be held liable.

In further support of their argument, defendants present affidavits from Pullen and Garrison.  Pullen states in his affidavit that after Smith's cellmate was instructed to exit the cell, "I observed that Officer Quick had placed Smith in a transport position by grabbing the back of Smith's uniform between the shoulder blades and arm.  Before I was able to assist in restraining Smith, Officer Quick had placed Smith on the ground.  I secured Smith's leg and handcuffed Smith behind his back.  Officer Quick and I escorted Smith out of the cell.  I never saw Officer Quick exert excessive force against Smith." Motion for Partial Summary Judgment, Exh. B, Affidavit of Michael Pullen, docket at 25-2, ¶¶ 15-18.  Garrison states in his affidavit that he

"stood in the doorway of the cell to monitor [Smith's cellmate]. I heard Officer Quick tell Smith to stop resisting and saw Smith against the back wall. Smith then placed his left arm on the wall and tensed up. Officer Quick then placed Smith on the ground and Officer Quick and Officer Pullen restrained Smith. I then turned around to check on [Smith's cellmate] while Officers Quick and Pullen handcuffed Smith. Officers Quick and Pullen then escorted Smith out of the cell. While they were escorting him out, Smith picked up his feet and became deadweight. I never saw Officer Quick or Pullen exert excessive force against Smith." *Id.*, Affidavit of Brandon Garrison, docket at 25-3, ¶¶ 11-17.

Smith maintains, however, that Pullen and Garrison did in fact have time to intervene. Smith argues that both Pullen and Garrison were with Quick when Quick threatened to "teach you a lesson you young fucking punk." Smith claims that "Officers Pullen and Garrison had plenty of time, after hearing Officer Quick's comments, to step in and stop Officer Quick from hurting me. By 'plenty of time' I mean that they had sufficient time to realize what Officer Quick was saying and stop him from throwing me down and beating me. It would have only taken seconds for either Pullen or Garrison (after hearing Quick threaten me) to come into the cell and protect me." Plaintiff's Response, Affidavit of Travis Smith, docket at 31-1, ¶¶ 4-5.

The Court concludes that Smith has raised a genuine issue of material fact on the issue of whether Pullen and/or Garrison could have intervened to prevent the alleged use of excessive force against him. While it is true that Smith testified that the entire incident "happened very fast," that does not preclude a jury from concluding that Pullen and/or Garrison could have or should have intervened after Quick allegedly threatened to harm Smith. This simply is not an issue that can be resolved on summary judgment. A jury must hear testimony from Smith,

Quick, Pullen, and Garrison in order to ascertain exactly what happened on June 23, 2010. Smith claims Pullen and Garrison had time to intervene and prevent this incident from happening once they heard Quick use threatening language toward Smith. Pullen and Garrison make no mention of such threatening language in their affidavits, and they claim that they did not have time to react once Quick grabbed Smith and attempted to subdue him. (In fact, both Pullen and Garrison state in their affidavits that they never saw Quick use any excessive force against Smith, which implies that their intervention was not necessary in the first place.) These are clearly issues that turn on credibility and, therefore, can only be resolved by a jury.[6] Accordingly, the motion for partial summary judgment is DENIED as to Smith's claims against Pullen and Garrison for bystander liability under § 1983.

**2. Motion to strike plaintiff's affidavit and "narrative statements."**

As stated at the outset, defendants also filed a motion to strike portions of Smith's affidavit and two narrative statements he attached to his response in opposition to the motion for partial summary judgment. Defendants argue that certain statements made by Smith in his affidavit "are clearly inadmissible and may not be relied upon in the context of summary judgment proceedings." Defendants' Motion to Strike, docket at 34, pp. 1-2. Specifically, defendants take issue with paragraphs 2, 3, 4 and 5. In paragraph two of his affidavit, Smith

---

[6] Defendants filed a videotape taken at the jail at the time of this incident. The videotape does not show what happened inside the cell. It does show three officers approaching the cell door (presumably Quick, Pullen and Garrison). Moments later, Smith's cellmate exits the cell, stands against a wall, then sits at a table a few feet away from the cell door. All three officers appear to enter the cell, although one officer (presumably Garrison) appears to stay near the entrance to the cell and can be seen at one point checking on Smith's cellmate as he states in his affidavit. Near the end of the videotape, the officers can be seen escorting Smith, in handcuffs, out of the cell. At this point, Smith and the officers are all walking away from the cell and out of view of the camera. The videotape does not show the officers "dragging" or carrying Smith.

states: "I have read my Complaint, Notice of Tort Claim, and the factual allegations set forth and those documents are true and accurate, made upon my personal knowledge, and I incorporate them into this Affidavit." Plaintiff's Response in Opposition to Motion for Partial Summary Judgment, docket at 31-1, Smith Affidavit.  In paragraph three, Smith states: "Attached are two (2) 'Narrative Statements,' one is dated July 22, 2012 and the other undated, which set forth those facts opposing the Defendants' facts set forth in the Partial Motion for Summary Judgment. I wrote both of these statements, both of which are truthful, accurate, and made based upon my personal knowledge."  In paragraph four, Smith repeats his version of the events of June 23, 2010, claiming that Officers Pullen and Garrison heard Officer Quick threaten Smith but failed to do anything to stop Quick from allegedly beating Smith.  Paragraph five of Smith's affidavit once again states that Pullen and Garrison "had plenty of time, after hearing Officer Quick's comments, to step in and stop Officer Quick from hurting me."  In the two narrative statements he filed, Smith simply reiterates all of these same factual allegations.

 Defendants argue that it is improper for Smith to rely on factual allegations contained in his Complaint and his Notice of Tort Claim in an attempt to avoid summary judgment. Defendants' Memorandum in Support of Motion to Strike, docket at 35, p. 2 (citing *Goodman v. Nat'l Sec. Agency, Inc.,* 621 F.3d 651, 654 (7th Cir. 2010) (party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must marshal and present the court with evidence she contends will prove her case). Defendants also take issue with Smith's attempt to place his two handwritten narrative statements into evidence for summary judgment purposes by simply stating in his affidavit that they are true and accurate, and that they are incorporated into his sworn affidavit.  *Id.*, p. 3.

Finally, defendants argue that paragraphs four and five of Smith's affidavit, wherein he repeats his factual allegations against the officers, should be stricken because they "contradict Smith's previous[] testimony in his deposition." *Id*., p. 4. As to this last argument, it is based again on defendants' contention that Smith is precluded from arguing that Officers Pullen and Garrison had time to intervene since he testified in his deposition that the entire incident "happened very fast."

Defendants are correct that a party opposing summary judgment must present evidence sufficient to raise a genuine issue of material fact and cannot simply rely on the factual allegations of his complaint (or a Notice of Tort Claim). But Smith is not relying only on the allegations in his complaint or his tort claim notice. Instead, he merely states in his affidavit that he read those documents and the factual allegations contained therein are true. In other words, he is relying on his affidavit to oppose summary judgment, not just his complaint or tort claim notice. Defendants are correct, however, that Smith attempts to place his narrative statements (one prepared more than two years after the incident and the other undated) into the record for purposes of opposing summary judgment. Both statements basically repeat the same allegations Smith offers in his complaint and his brief in opposition to summary judgment.

Smith argues that he "is not relying upon mere 'factual allegations contained in his complaint,' but rather, he has filed an affidavit indicated that he read the Complaint and Notice of Tort Claim and that the factual allegations set forth therein were true and accurate. . .Smith is not relying upon his pleadings alone, but he is relying upon his affidavit which incorporates the facts and circumstances set forth in those pleadings, which is permissible." Plaintiff's Response in Opposition to Motion to Strike, docket at 36, p.1. Smith also contends that this two narrative

statements are admissible since "they are attached to and embodied in an affidavit which is duly sworn and verified." *Id.* As defendants correctly point out, Smith cites no authority whatsoever for his contention that the narrative statements are admissible simply because they are "attached to and embodied in an affidavit." The Court agrees that Smith's narrative statements should not be considered in this summary judgment proceeding and therefore GRANTS defendants' motion to strike as to those narratives.

The Court declines, however, to strike Smith's sworn and verified affidavit. Paragraph two of the affidavit, wherein Smith states that he read his complaint and Notice of Tort Claim and that both contained accurate statements of fact, does not actually add or subtract anything from his argument opposing summary judgment. Defendants attempt to characterize this statement as an attempt by Smith to avoid summary judgment by relying only on the factual allegations of his complaint rather than presenting competent evidence. But again, Smith is relying primarily on his sworn affidavit to oppose summary judgment and his statement that the factual allegations in his complaint or tort claim notice are true and accurate is not determinative of anything. As to paragraphs four and five, wherein Smith claims that Officer Quick threatened him and that Officers Pullen and Garrison heard the threat and failed to intervene, does not contradict his deposition testimony as defendants insist. This issue was addressed above. The Court concludes that Smith's testimony that the entire incident "happened very fast" does not automatically preclude him from asserting that Pullen or Garrison or both could have prevented the incident from occurring or could have lessened the alleged severity of it. Accordingly, the Court declines defendants' invitation to strike Smith's affidavit.

## CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment filed by defendants (docket at 25) is GRANTED as to plaintiff's federal claims of excessive force and state law claims of battery against defendants Pullen, Garrison and Fries; and DENIED as to plaintiff's federal claims against Pullen and Garrison for bystander liability under 42 U.S.C. § 1983.  The Motion to Strike Plaintiff's Affidavit and "Narrative Statements" is GRANTED as to plaintiff's narrative statements and DENIED as to plaintiff's affidavit.  Any claims asserted against defendant Aaron Quick are unaffected by this ruling as he did not join in the motion for partial summary judgment.  Plaintiff's claim against Sheriff Fries under the theory of *respondeat superior* for the alleged battery by Quick also remains pending.

Date: March 22, 2013.

  /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana