UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TRAVIS E. SMITH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 1:11-CV-237 |
| | ) | |
| ALLEN COUNTY SHERIFF KEN FRIES | ) | |
| (sued in his representative capacity), and | ) | |
| ALLEN COUNTY JAIL OFFICER | ) | |
| AARON QUICK; OFFICER PULLEN, | ) | |
| ID # C-889; and OFFICER GARRISON, | ) | |
| ID # C-1011, (sued in their individual | ) | |
| capacities), | ) | |
| | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Travis E. Smith is suing Defendants Allen County Sheriff Ken Fries and several Allen County Jail officers, advancing excessive force claims under 42 U.S.C. § 1983 and state law battery claims. Due to Smith's disregard for this Court's orders and apparent disinterest in pursuing this case, and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), the undersigned Magistrate Judge recommends that this case be DISMISSED as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute. This Report and Recommendation is based on the following facts and principles of law.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Smith filed this action in July 2011. (Docket # 1.) After a motion for partial summary judgment was granted in part and denied in part in March 2013 (Docket # 38), the Court ordered

1

the parties to participate in mediation (Docket # 40). The parties subsequently scheduled a mediation for June 17, 2013. (Docket # 42.)

On June 19, 2013, the Court was informed that Smith failed to appear at the scheduled mediation. (Docket # 42.) Accordingly, the Court set the matter for a status and scheduling conference on July 2, 2013, and ordered the parties and their counsel to appear in person; Smith was warned that if he failed to appear, sanctions may be imposed, including possible dismissal of his case. (Docket # 43). As a result of Smith's failure to appear at the mediation, Defendants also filed a Motion for Sanctions. (Docket # 44.)

Despite the prior order and warning, Smith failed to appear at the July 2, 2013, status and scheduling conference. (Docket # 45.) Consequently, and to give Smith an opportunity to explain why sanctions should not be imposed under Federal Rule of Civil Procedure 16(f)(1)(A), the Court set a further status and sanctions hearing on July 23, 2013, again ordering Smith to appear in person. (Docket # 45, 46.) Smith was also advised that if he did not appear at this hearing, the undersigned Magistrate Judge would recommend that this case be dismissed for failure to prosecute and as a sanction for his failure to appear. (Docket # 46.)

Smith, however, did not appear at the July 23, 2013, hearing. (Docket # 47.) Smith's counsel represented that, despite attempts to reach him by telephone and through voicemail messages, neither she nor anyone else from her office has had contact with Smith since the July 2nd hearing; his family had apparently not seen him for several months. Notwithstanding this loss of contact, Smith's counsel requested that his case not be dismissed.

## II. DISCUSSION

Rule 16(f) provides that the Court may, on its own motion, "issue any just orders,

including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference." FED. R. CIV. P. 16(f)(1)(A). Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction. The "ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Aside from sanctions, a district court also has authority under Federal Rule of Civil Procedure 41(b) to *sua sponte* dismiss a case for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see* FED. R. CIV. P. 41(b). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

Here, Smith failed to appear at the June 17, 2013, mediation. And then, despite this Court's orders requiring his presence, Smith failed to appear at two hearings—the July 2nd status and scheduling conference and the July 23rd status and sanctions hearing—and never offered any explanation for any of his absences, suggesting at least fault, if not some wilfulness, on his part and resulting in a clear record of delay. Furthermore, a court may infer a lack of prosecutorial intent from, among other factors, the failure to appear at a scheduling hearing. *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citation omitted).

Additionally, Smith's failure to appear at the scheduling conference, by itself, is sanctionable under Rule 16(f)(1)(A) with dismissal, a sanction that the Court explicitly warned

3

him could be imposed in the order setting the conference (Docket # 43). After he failed to appear, the Court set the matter over for a further status and sanctions hearing, giving Smith yet another opportunity to show cause for his failure to appear, affirmatively stating that it would recommend dismissal if Smith did not appear at the July 23rd hearing. (Docket # 46.)

As such, the Court not only warned Smith of the possibility of dismissal twice, but also gave him the chance to show cause—an opportunity he apparently declined to take—all of which suggests that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367-MJR, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

Accordingly, in the interests of judicial economy, and given Smith's repeated failure to comply with the Court's orders and apparent disinterest in pursuing his claims, dismissal of this case as both a sanction and for failure to prosecute is appropriate.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that this case be DISMISSED.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for Plaintiff and Defendants. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written

4

objections to the proposed findings or recommendations. FED. R. CIV. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Entered this 24th day of July, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge