UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRAVIS E. SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 1:11cv237 |
| | ) |
| ALLEN COUNTY SHERIFF KEN FRIES | ) |
| (sued in his representative capacity), *et al.* | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a Motion for Sanctions filed by the defendants on June 28, 2013. On July 24, 2013, Magistrate Judge Roger B. Cosbey entered a Report and Recommendation in which he recommends that this case be dismissed as a sanction.

The plaintiff's counsel responded by filing a Motion to Withdraw, and a Motion to File Under Seal, which were both filed on August 7, 2013.

Discussion

This action was filed by the plaintiff, Travis E. Smith ("Smith"), on July 14, 2011, asserting excessive force claims and state law battery claims against the Allen County Sheriff Ken Fries and several Allen County Jail officers. The procedural background is set forth in the Report and Recommendation, which recites the fact that beginning in June of 2013, Smith failed to appear at a scheduled mediation, failed to appear at a status and scheduling conference, and failed to appear at a status and sanctions hearing. Smith's counsel advised the court that despite repeated attempts to reach Smith, counsel had not heard from Smith since July 2, 2013. Apparently his family had not seen him for several months. As a result of Smith's lack of interest in pursuing his claims, Magistrate Judge Cosbey recommended that the case be

dismissed.

Rule 16(f) of the Federal Rules of Civil Procedure provides that the court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference." FED. R. CIV. P. 16(f)(1)(A). Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction. The "ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

A district court also has authority under Federal Rule of Civil Procedure 41(b) to *sua sponte* dismiss a case for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see* FED. R. CIV. P. 41(b). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

It is clear in this case that Smith was warned several times of the possibility of his case being dismissed for failure to appear at scheduled court hearings and conferences. Smith was also given an opportunity to show cause as to why the case should not be dismissed. However, Smith failed to appear. Consequently, the Magistrate Judge correctly determined that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367-MJR, 2008 WL 5481124, at *1 (S.D. Ill. Dec.

18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

More than fourteen days have elapsed since entry of the Report and Recommendation and neither party has filed any written objections. *See* Fed. R. Civ. Pro. 72(b)(2). Accordingly, the court will approve and adopt the Report and Recommendation.

Due to Smith's failure to remain in contact with his attorneys and his failure to attend scheduled court matters, Smith's attorneys have requested that they be permitted to withdraw from this case. Their motion will be granted. Smith's attorneys have also requested that a document, DE 50, be filed under seal due to the sensitive nature of the document. This motion will also be granted.

## Conclusion

On the basis of the foregoing, the Motion to Withdraw [DE 49] and Motion to File Under Seal [DE 51] are both hereby GRANTED.

Further, Court hereby ADOPTS the Report and Recommendation [DE 48], granting the motion for sanctions and recommending dismissal. Accordingly, the motion for sanctions [DE 44] is hereby GRANTED and this case is hereby DISMISSED.

Entered: August 30, 2013.

s/ William C. Lee
William C. Lee, Judge
United States District Court